IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID R. COHEE                .                                                                  PLAINTIFF

      v.                                         Civil No. 14-3013

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, David Cohee, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his application for SSI on September 28, 2011, alleging an onset date of February 15, 2011, due to irritable bowel syndrome ("IBS"). Tr. 155-156. The Commissioner denied his application initially and on reconsideration. Tr. 12. At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on August 6, 2012. Tr. 21-59. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 53 years old and possessed a high school education. Tr. 24. He had past relevant work ("PRW") experience as a poultry equipment sales representative, truck driver, delivery truck driver, forklift driver and bill collector. Tr. 24-29, 149, 179-186.

On June 21, 2013, the ALJ concluded that the Plaintiff's abdominal abscess status post multiple stomach surgeries constituted a medically determinable impairment. Tr. 14. However,

the ALJ found he did not have an impairment or combination of impairments that has significantly limited his ability to perform basic work-related activities for 12 consecutive months. In accordance, the ALJ concluded that the Plaintiff's impairment was not severe and the Plaintiff was not disabled. Tr. 14.

The Appeals Council denied the Plaintiff's request for review on January 9, 2014. Tr. 1-5. Subsequently, Plaintiff filed this action. ECF No. 1. This matter is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 10.

## II.  **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents

him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion:**

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

In his sole issue on appeal, Plaintiff asserts that the ALJ prematurely ended his analysis at step two. At step two, the Plaintiff bears the burden to demonstrate the existence of an impairment

or combination of impairments that "significantly limits [his] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  While step two requires only "de minimis" proof of impairment, the claimant must show more than the mere presence of a condition or ailment.  *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir 2007).  When the evidence only supports a minimal effect on the claimant's ability to work, the ALJ may properly end the sequential evaluation process at step two and find the claimant not disabled.  *See Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (sequential evaluation process may be ended at step two only when an impairment or combination of impairments would have no more than a minimal impact on the claimant's ability to work).

Although the Plaintiff does point out a diagnosis of COPD and diverticulitis, we can find no evidence to indicate that he raised these issues in his application for benefits or at the administrative hearing.  We do note that CT scans conducted in May, June, and August 2011 revealed chronic pancreatitis; treatment notes dated May 2011 revealed a diagnosis of COPD; and, a colon biopsy dated July 2011 revealed the presence of diverticula.  Tr. 202, 291, 327, 504, 561, 578.  However, the record contains no evidence of treatment for, symptoms of, or limitations related to COPD, pancreatitis, or diverticulitis.  *See Trenary v. Bowen*, 898F.2d 1361, 1364 (8th Cir. 1990) (a mere diagnosis is not sufficient to prove disability, absent some evidence to establish a functional loss resulting from that diagnosis).  Moreover, in spite of these allegations, we note that the Plaintiff smoked cigarettes and drank alcohol in excess.  Tr. 15, 192-288, 391-596.  *See Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (claimant continued to smoke a pack a day despite COPD, which undermined claims of disability).

As for his abdominal abscess status post multiple stomach surgeries, the evidence reveals as follows:  In May 2011, Plaintiff underwent a laparoscopic cholecystectomy and appendectomy

4

for complaints of severe abdominal pain. Tr. 290-388. Post operatively, he developed an abscess around the appendectomy site, which doctors treated with both percutaneous drainage and open drainage. On August 1, 2011, Dr. John Cone diagnosed the Plaintiff with recurrent intra-abdominal and retroperitoneal abscesses. Tr. 193-281. A repeat CT scan showed a retroperitoneal abscess and a smaller abscess in the region of the surgical scar. Dr. Cone believed the second abscess resulted from an injury to the colon sustained in the prior drainage attempts. Accordingly, he admitted the Plaintiff for percutaneous drainage and IV antibiotic therapy. When Plaintiff returned for a drain check on August 25, 2011, the doctor noted minimal residual abscess within the right mid-abdomen and removed the drain. He indicated that the Plaintiff was "clinically asymptomatic," "was doing very well," and "had recovered completely." Tr. 284. There are no additional medical records to document treatment for any impairment.

In spite of his alleged symptoms, Plaintiff reported the ability to prepare meals daily, do his laundry, walk, drive, shop in stores for food, watch television, play the piano, and fish. Clearly, these activities provide support for the ALJ's determination that the Plaintiff's impairment was non-severe.

The Plaintiff also alleges that the ALJ should have ordered a consultative examination. To support his argument, the Plaintiff points to the ALJ's statement at the hearing that the Plaintiff needed "some consult." Tr. 49-50. However, the ALJ also noted that he would see "what [he] could come up with." Further, he acknowledged that without more invasive testing, the consultative doctor would likely just be guessing. Tr. 50. As such, we do not find this to be an admission that a consultative examination was necessary.

We note that the ALJ is only required to order a consultative examination when there is insufficient evidence in the record for him to make an informed decision. *See Freeman v. Apfel*,

5

208 F.3d 687, 692 (8th Cir. 2000) ("[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision"). Although the Plaintiff claims that his symptoms had continued and worsened after the relevant period lapsed, he failed to seek out additional medical treatment for his alleged complaints. Moreover, we can discern no evidence to suggest that medical providers denied him medical treatment, or that he attempted to obtain low cost or indigent health services. *Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992) (holding lack of evidence that the claimant attempted to find any low cost or no cost medical treatment for her alleged pain and disability is inconsistent with a claim of disabling pain).

Accordingly, it is the opinion of the undersigned that the ALJ's step two determination is supported by substantial evidence. The ALJ's decision will stand.

**IV.    Conclusion**:

Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and the decision is affirmed. The undersigned further orders that the Plaintiff's Complaint be dismissed with prejudice.

DATED this 9th day of June, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE